1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

8

HOWARD MCKINNEY,

9

    Plaintiff,

10

v.

11

WERNER CO., a Delaware corporation;
NEW WERNER HOLDING CO. (DE),

12

INC. d/b/a WERNER HOLDING CO., a
Delaware corporation; HOME DEPOT

13

U.S.A., INC., a Delaware corporation,

14

    Defendants.

15

16

NO. 3:22-cv-05859

COMPLAINT FOR PERSONAL
INJURY AND DAMAGES

**WITH JURY DEMAND**

17

    Plaintiff Howard McKinney, by and through his attorney of record, Patrick R. West

18

of the West Law Firm, P.S., alleges as follows:

19

    All allegations in this Complaint are based upon the investigation of counsel,

20

except the specific allegations pertaining to the named Plaintiff, which are based on

21

personal knowledge. As of the date of this Complaint, no discovery has been conducted.

22

As a result, it is likely that once the discovery is underway, the named Plaintiff will seek

23

leave to amend his Complaint to add new factual allegations and/or new claims.

COMPLAINT FOR PERSONAL INJURY AND DAMAGES - 1
**WITH JURY DEMAND**

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

# I. PARTIES

1.1     Plaintiff Howard McKinney (hereinafter referred to as "Plaintiff") is an individual residing in Aberdeen, Washington.

1.2     Defendant Werner Co. (hereinafter referred to as "Werner Co.") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 93 Werner Road, Greenville, Pennsylvania 16125. As such, Werner Co. is a citizen of both Delaware and Pennsylvania. Service of process may be accomplished on Werner Co. through its registered agent for service of process, Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

1.3     Defendant New Werner Holding Co., Inc., d/b/a Werner Holding Co. (hereinafter referred to as "Werner Holding Co.") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 93 Werner Road, Greenville, Pennsylvania 16125. As such, Werner Holding Co. is a citizen of both Delaware and Pennsylvania. Service of process may be accomplished on Werner Holding Co. through its registered agent for service of process, Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

1.4     Defendant Home Depot U.S.A., Inc. (hereinafter referred to as "Home Depot") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2455 Paces Ferry Rd. Atlanta, GA 30339.

COMPLAINT FOR PERSONAL INJURY AND DAMAGES - 2
WITH JURY DEMAND

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

As such, Home Depot is a citizen of both Delaware and Georgia. Service of process may be accomplished on Home Depot through its Washington registered agent for service of process, Corporation Service Company, 300 Deschutes Way SW STE 208 MC-CSC1, Tumwater, WA 98501.

## II. JURISDICTION AND VENUE

2.1    This Court has both general and personal jurisdiction over all Defendants based on the fact that Defendants have had substantial and continuous contacts with Washington, as well as specific jurisdiction over all Defendants arising from their actions in the manufacture and/or sale of defective ladders to Washington residents, including the Plaintiff. As a result, this Court has personal jurisdiction over all Defendants pursuant to RCW 4.28.185 (1) (a), (b), and (c).

2.2    Venue is proper in this judicial district pursuant to 28 U.S.C. ¶ 1391(a), (b), and (c) on the grounds that all or a substantial portion of the acts giving rise to the violations alleged herein occurred in this judicial district.

## III. FACTUAL ALLEGATIONS

3.1    Werner Co. is a fully integrated manufacturer and distributor of ladders, stools and other climbing products that arose out of the bankruptcy of its predecessor, the Old Ladder Co. f/k/a Werner Co. (hereinafter referred to as "Old Ladder Co.").

3.2    Old Ladder Co. filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware, Case No. 06-10578 (KJC). On April 25,

COMPLAINT FOR PERSONAL INJURY AND DAMAGES - 3
**WITH JURY DEMAND**

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

1   2007, the Bankruptcy Court approved the sale of Old Ladder Co.'s assets and liabilities

2   to New Werner Holdings Co.

3       3.3     Included in these assets and liabilities were the Werner ladders Model 368

4   (Mk 20) ("hereinafter referred to as "Model 368"), 8-ft. aluminum step ladders with

5   both design and manufacturing defects that caused the ladder to break under normal use

6   because the product was not structurally sound.

7       3.4     Werner Co. and Werner Holding Co. were aware that the Model 368

8   contained both design and manufacturing defects that caused the ladder to break under

9   normal consumer use, but still manufactured, sold, and/or distributed the product to

10  Washington consumers after obtaining Model 368 ladders from Old Ladder.

11      3.5     Werner Co. and Werner Holding Co. also manufactured sold, and/or

12

13  distributed the Model 368 to Home Depot to be sold and/or distributed to Washington

14  consumers. Home Depot is a multinational retailer of home improvement products –

15  including ladders - with over 2200 stores worldwide, including Store No. 8964 in

16  Aberdeen, Washington located at 2213 Port Industrial Rd.

17      3.6     Home Depot was aware of both the design and manufacturing defects of the

18  Model 368 that caused the ladder to break under normal consumer use, and yet

19  continued to sell the product to Washington consumers.

20      3.7     In or around 2008, Plaintiff purchased a Model 368 from Home Depot Store

21  No. 8964 in Aberdeen, Washington. At the time of purchase, Plaintiff inspected his

22  Model 368 and it did not have any apparent abnormalities or defects.

23

COMPLAINT FOR PERSONAL INJURY AND DAMAGES -  4
**WITH JURY DEMAND**

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

3.8     Plaintiff used the ladder infrequently over the course of approximately ten years. Plaintiff used the ladder approximately fifty times without incident, storing the Model 368 in a safe manner without damaging it.

3.9     On or about November 8, 2019, Plaintiff used his Model 368 to remove debris from the side of his friend's garage at 618 Baila Way, Aberdeen, Washington. As Plaintiff ascended the steps of the Model 368 and reached the third or fourth step, the left rail/leg of the Model 368 suddenly collapsed, causing Plaintiff to fall to the concrete below and sustain serious injuries.

3.9     At the time, Plaintiff weighed approximately 190 pounds and was holding a hand-held STIHL leaf blower weighing approximately 10-15 pounds. The following photograph depicts the Plaintiff's Model 368 after it collapsed:



COMPLAINT FOR PERSONAL INJURY AND DAMAGES - 5
**WITH JURY DEMAND**

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

3.11    At the time of the incident, Plaintiff was using the Model 368 for its intended purpose and complying with all warnings and instructions. The Model 368 had a 250 pound load capacity with a "Type I Duty Rating / Heavy Duty" and Plaintiff was well under the load capacity. Plaintiff had also set up the ladder on a flat concrete surface. The Model 368 nevertheless collapsed on Plaintiff.

3.12    Defendants Werner Co., Werner Holding Co., and Home Depot were all aware of the design and/or manufacturing defects of the Model 368 and yet continued to manufacture, sell, and/or distribute these products to Washington consumers.

3.13    As a result of Plaintiff's fall from his Model 368 onto the concrete, he sustained permanent injuries, including but not limited to a comminuted distal tibia and fibular fracture extending to the ankle joint that has limited his ability to walk and engage in other physical activities.

## IV.   CLAIMS FOR RELIEF

### COUNT 1 – VIOLATIONS OF CPA, RCW 19.86.020 ET SEQ.

4.1    Plaintiff incorporates all allegations of fact in all preceding paragraphs as if fully set forth herein.

4.2    CPA, RCW 19.86.090 provides a private right of action for any person - such as the Plaintiff - who is injured in his or her business or property by an unfair and/or deceptive act or practice.

4.3    Defendants engaged in unfair and/or deceptive acts or practices in violation of the CPA when they: (i) manufactured, distributed and sold to Plaintiff the Model 368

COMPLAINT FOR PERSONAL INJURY AND DAMAGES - 6
**WITH JURY DEMAND**

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

1    that they knew or should have known contained an inherently defective and dangerous

2    condition that caused the ladders to fail, suddenly and dangerously, within their useful

3    life; (ii) continued to manufacture, distribute, and or sell to Washington consumers –

4    including Plaintiff – after they knew or should have known of these ladders failing; (iii)

5    and failed to disclose and notify Washington consumers – including Plaintiff – that the

6    Model 368 ladders were defective and unsafe and would suddenly and dangerously fail

7    within their useful life.

8    4.4    Defendants knew or should have known that the Model 368 was defectively

9    designed and/or manufactured, posed a significant and dangerous risk to the general

10    public, including Plaintiff, and would suddenly and dangerously fail before the end of

11    their useful life, and were not suitable for their intended use.

12    4.5    As a direct and proximate result of Defendants' unfair or deceptive acts of

13    practices, Plaintiff suffered damages articulated below after he purchased a product that

14    was defective, posed a substantial harm and was a liability, due to design and/or

15    manufacturing deficiencies that caused it to suddenly and dangerously fail before the

16    end of its useful life.

17    **COUNT 2 – WASHINGTON PRODUCTS LIABLITY ACT**

18    **As to Werner Co. and Werner Holding Co.**

19    4.6    Werner Co. and Werner Holding Co. are "manufacturers" or successors-

20    in-interest to a "Manufacturer" as that term is defined under RCW 7.72.010(2).

21    4.7    Plaintiff is a "claimant" as defined under RCW 7.72.010(5).

COMPLAINT FOR PERSONAL INJURY AND DAMAGES - 7
WITH JURY DEMAND

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

1    4.8    Werner Co. and Werner Holding Co. and/or their predecessors-in-interest

2 manufactured and designed the Model 368 ladder.

3    4.9    The Model 368 ladder contained a design and/or manufacturing defect that

4 caused them to suddenly and dangerously fail before the end of their useful life.

5    4.10   Werner Co. and Werner Holding Co. failed to provide warnings to

6 consumers – including Plaintiff – about the sudden and dangerous defect of the Model

7 368 after it knew about the defect and continued to manufacture, design, sell, and/or

8 distribute the Model 368 to the public.

9    4.11   The Model 368 does not conform to ordinary consumer expectations in that

10 an ordinary consumer would not expect the ladder to suddenly collapse upon regular

11 use as described above.

12    4.12   Plaintiff sustained damages as a result of Werner Co. and Werner Holding

13 Co.'s dangerously defective product as articulated below.

**COUNT 3 – WASHINGTON PRODUCTS LIABLITY ACT**

**As to Home Depot**

4.7    Home Depot is a "product seller" as defined under RCW 7.72.010(1) and/or 7.72.040(2)(a) and/or (b).

4.8    Plaintiff is a "Claimant" as defined under RCW 7.72.010(5).

4.9    Home Depot knew or should have known that the Model 368 ladders were dangerously defective and continued to sell the dangerously defective product to Washington consumers – including Plaintiff.

COMPLAINT FOR PERSONAL INJURY AND DAMAGES - 8
WITH JURY DEMAND

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

4.10    Home Depot failed to include any disclosure or warnings of the defect.

4.10    Home Depot sold the Model 368 ladders to Washington consumers – including Plaintiff – even though it did not conform to ordinary consumer expectations in that an ordinary consumer would not expect the ladder to suddenly collapse from normal use.

4.11    Plaintiff sustained damages as a result of purchasing the Model 368 from Home Depot as articulated below.

## V.    DAMAGES

5.1    As a direct and proximate result of defendants' acts and omissions set forth above, Plaintiff incurred past and future medical expenses, out-of-pocket costs, property damage, past and future income loss, permanent disability, emotional injuries, permanent scarring, impaired earning capacity, general damages for pain and suffering, loss of enjoyment of life and other damages, all in amounts to be proven at the time of trial.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them, for damages as alleged, plus costs, fees, and for such other and further relief as the court deems just and proper. **Plaintiff demands** that this matter be tried by **a jury**.

DATED this 7th day of November, 2022.

WEST LAW FIRM, P.S.

By: _____
Patrick R. West, WSBA #41949
Attorneys for Plaintiff

COMPLAINT FOR PERSONAL INJURY AND DAMAGES - 9
WITH JURY DEMAND

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704